# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|            Plaintiff, ) | Case No.: 2:16-cr-46-GMN-PAL |
| vs.          ) | |
| ) | **ORDER** |
| CLIVEN D. BUNDY *et al.*, ) | |
| ) | |
|            Defendants. ) | |
| _____) | |

Pending before the Court is the Government's Motion for Protective Order regarding Undercover Employee (ECF No. 1440), along with a sealed declaration (ECF No. 1441). Defendants Steven A. Stewart, Eric J. Parker, and O. Scott Drexler ("Defendants") filed a Response (ECF No.1451), and co-defendants Ricky R. Lovelien, Gregory P. Burleson, and Melvin D. Bundy filed Motions for Joinder (ECF Nos. 1452, 1458, 1461). The Government filed a Reply. (ECF No. 1481).[1]

## I.      LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

---

[1] The Government filed a Motion for Leave to File a Reply (ECF No. 1481), which included the Government's Reply as Exhibit 1. The Court grants the Government's Motion for Leave to File a Reply and has considered the contents of this Reply and the Government's Sealed Exhibit to the Reply (ECF No. 1482).

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)).  In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## II.   DISCUSSION

The Government intends to call an Undercover Employee ("UCE") to testify in its case-in-chief.  It seeks a Protective Order to protect the UCE:

> 1. The UCE may testify at trial using an undercover pseudonym without publically disclosing his true identity, specifically, the government requests that the UCE testify as "Charles Johnson," his cover identity;
> 2. The defense shall be prohibited from asking any questions seeking personal identifying information (to include name, contact information, or date or place of birth) from the UCE;
> 3. The defense shall be prohibited from asking any questions about other investigations in which the UCE may be involved, including any ongoing investigations;
> 4. No public disclosure of any audio recording, or similar reproduction of the voices or visual images of the UCE while testifying, shall be permitted;
> 5. The UCE shall be permitted to use a non-public entrance/exit to the courthouse and the courtroom (outside the presence of the jury); and
> 6. All non-official recording devices shall be prohibited from being in the courtroom in which the UCE testifies, including personal cellular phones.

(Gov't Mot. 10:1–16).  The Government asserts that "[i]f the UCE's name and image become public, he will no longer be able to function as a UCE." (*Id.* 13:19–20).  Additionally, the Government is concerned that "given [this witness'] unique role as the lone testifying FBI UCE, the UCE may become a particular target for the defendants' supporters." (*Id.* 13:21–22).  The Government contends that the UCE's personal information is "not relevant to the charges"

and "public disclosure . . . will compromise the UCE's safety, as well as substantially impact other investigations." (*Id.* 14:16–18).

Defendants do not oppose the fourth, fifth, or sixth requests listed above. (Defs. Resp. 2:1). However, Defendants oppose the first, second, and third requests because "it is absolutely vital that the defense know the undercover employee's identity and whether he has participated in other investigations and, if so, which investigations." (*Id.* 2:4–5). Defendants first contend that the "UCE witness must be precluded from testifying in that no [*Brady* or *Giglio*] information has to this date been handed over." (*Id.* 3:6–7). They then argue that the "safety of the informant" is outweighed by "the fairness of [Defendants'] trial." (*Id.* 3:15–16). Defendants also assert that "[t]he jury will be left with wondering why this person is cloaked in a protective balloon while every other witness is not . . . [and] this confusion will lead to an insinuation that one of the defendants in court threatened this witness." (*Id.* 4:8–11). As such, Defendants request that, in addition to denying the Government's Motion, the Court should also "order the government to furnish defense counsel with the undercover agent's name, date of birth, and list of investigations that he has participated in." (*Id.* 4:25–27). Defendants additionally request information about the UCE such as any controlled substance abuse, criminal convictions, financial arrangements with the Government, plea agreements, or information tending to show bias, prejudice, inconsistent statements, or material defects in perception or memory. (*Id.* 4:27–6:10).

The Government states in its Reply that it "has complied with its obligations under *Giglio* and [*Henthorn*] as it relates to the UCE." (Gov't Reply 7:7–10, ECF No.1481). It also argues that the UCE's date of birth and investigations are "neither relevant nor discoverable." (Id. 7:10–13). Finally, the Government asserts that Defendants "conflate the UCE with an 'informant.'" (*Id.* 7:21).

As a general matter, the government must turn over material evidence favorable to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, the government holds a limited privilege to conceal the identity of an informant. *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  The defendant has the burden to prove the need for disclosure of a UCE. *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990); *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990).  "Trial judges have wide latitude to impose reasonable limits on cross-examination based on concerns such as harassment, prejudice, confusion of the issues or the witness's safety." *Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir. 1991), *as amended on denial of reh'g* (Mar. 9, 1992) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))

Upon review of the briefing and the FBI Undercover Coordinator's sealed declaration, the Court finds it appropriate to enter a protective order as to the UCE witness.  The Court previously found good cause for a protective order in this case based on a "sufficient threshold showing of actual and potential threats, intimidation, and harassment to victims, witnesses, and law enforcement officers." (Order on Intervenors' Obj. 6:1–7:2, ECF No. 1063).  Similarly, the Court finds good cause here to protect the UCE's identity by adopting the measures requested by the Government to prevent harassment, protect the UCE's safety, and safeguard the UCE's unrelated on-going investigations. *See Clark*, 958 F.2d at 855.  The Court finds that the UCE's date of birth or unrelated investigations are not relevant to this case and need not be disclosed to Defendants.  Accordingly, the Court grants the Government's Motion and enters the protective order as requested.

## III.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Government's Motion for Protective Order regarding Undercover Employee (ECF No. 1440) is **GRANTED.**

**IT IS FURTHER ORDERED** that the following Protective Order shall be in place for the Undercover Employee:

1. The Undercover Employee ("UCE") may testify at trial using an undercover pseudonym without publically disclosing his true identity, specifically, the government requests that the UCE testify as "Charles Johnson," his cover identity;

2. The defense shall be prohibited from asking any questions seeking personal identifying information (to include name, contact information, or date or place of birth) from the UCE;

3. The defense shall be prohibited from asking any questions about other investigations in which the UCE may be involved, including any ongoing investigations;

4. No public disclosure of any audio recording, or similar reproduction of the voices or visual images of the UCE while testifying, shall be permitted;

5. The UCE shall be permitted to use a non-public entrance/exit to the courthouse and the courtroom (outside the presence of the jury); and

6. All non-official recording devices shall be prohibited from being in the courtroom in which the UCE testifies, including personal cellular phones.

**IT IS FURTHER ORDERED** that the Motions for Joinder (ECF Nos. 1452, 1458, 1461) are **GRANTED**.

**IT IS FURTHER ORDERED** that Motion for Leave to File a Reply (ECF No. 1481) is **GRANTED**.

**DATED** this _____7_____ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court