1
2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

UNITED STATES OF AMERICA,            )
4                                     )
                    Plaintiff,        )      Case No.: 2:16-cr-46-GMN-PAL
5         vs.                         )
                                      )      **ORDER**
6    RYAN W. PAYNE,                   )
                                      )
7                   Defendant.        )
8    _____)

9

10       Pending before the Court is the Report and Recommendation (ECF No. 1231) entered by

11   Magistrate Judge Peggy A. Leen on January 4, 2017, denying Defendant Ryan W. Payne's

12   ("Defendant's") Motion to Dismiss Counts Ten, Eleven, and Twelve (ECF No. 712).

13   Defendant timely filed his Objection (ECF No. 1345), to which the Government timely filed a

14   Response (ECF No. 1480).[1]

15   **I.      BACKGROUND**

16       On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a

17   Superseding Indictment charging Defendant and eighteen other co-defendants with sixteen

18   counts related to a confrontation on April 12, 2014, with Bureau of Land Management

19   ("BLM") Officers in Bunkerville, Nevada. (*See* Superseding Indictment, ECF No. 27).  At

20

21   [1] On January 18, 2017, Defendant David H. Bundy ("D. Bundy") filed a Motion for Joinder (ECF No. 1347) to
     Defendant's Objection (ECF No. 1345).  Additionally, on January 19, 2017, Defendant Ricky R. Lovelien
22   ("Lovelien"), on January 26, 2017, Defendant Melvin D. Bundy ("M. Bundy"), and on February 1, 2017,
     Defendant Ammon E. Bundy ("A. Bundy") each filed Motions for Joinder (ECF Nos. 1362, 1411, 1468) to
23   Defendant's Objection (ECF No. 1345).  Pursuant to District of Nevada Local Rule IB 3-2(a), any objections to a
     magistrate judge's report and recommendation must be filed within 14 days of service.  D. Bundy's Motion was
24   filed within the 14-day deadline to be considered as an objection to Judge Leen's Report and Recommendation.
     However, Lovelien, M. Bundy, and A. Bundy's Motions were not filed within the 14-day deadline.  Accordingly,
25   D. Bundy's Motion for Joinder (ECF No. 1347) is granted, and Lovelien, M. Bundy, and A. Bundy's Motions
     for Joinder (ECF Nos. 1362, 1411, 1468) are denied as untimely.

issue here are Counts Ten, Eleven, and Twelve, all three of which charge Defendant and his co-

defendants with Obstruction of the Due Administration of Justice, a violation of Title 18,

United States Code, Section 1503.  Section 1503 states in pertinent part:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or *corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice*, shall be punished as provided in subsection (b).

18 U.S.C. § 1503(a) (emphasis added).  The italicized section of the statute is considered the

"Omnibus Clause," which "serves as a catchall." *United States v. Aguilar*, 515 U.S. 593, 598

(1995).  A charge of § 1503's Omnibus Clause requires the Government to prove "[first,] the

defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due

administration of justice; and [s]econd, the defendant acted corruptly, or by threats or force, or

by any threatening communication, with the intent to obstruct justice." Instruction 8.131, Ninth

Cir. Model Jury Instructions (10th ed.) (last modified Dec. 2016).  Additionally, the Ninth

Circuit has construed the "due administration of justice" to require proof of a "pending judicial

proceeding." *See United States v. Weber*, 320 F.3d 1047, 1050 (9th Cir. 2003).

 In his Motion to Dismiss, Defendant seeks to dismiss these counts because "the alleged

obstructive conduct in this case lacks the requisite nexus in time, causation, or logic with . . . [a]

judicial proceeding [as] required by [§ 1503]." (Mot. to Dismiss 5:7–9, ECF No. 712).

Additionally, Defendant asserts that "[t]he omnibus clause of 18 U.S.C. §1503 is

1   [un]constitutionally overbroad." (*See id.* 7:24–9:15).  In her Report and Recommendation,

2   Judge Leen rejected these arguments and recommended denial of the Motion. (R. & R. 7:15–

3   12:5, 12:23–13:2, ECF No. 1231).

## II.    LEGAL STANDARD

5           A party may file specific written objections to the findings and recommendations of a

6   United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

7   D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo*

8   determination of those portions of the Report to which objections are made. *Id.*  The Court may

9   accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate

10  Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.   DISCUSSION

12          Defendant asserts several objections to Judge Leen's Report and Recommendation

13  denying his Motion to Dismiss. (Obj., ECF No. 1345).  Defendant first argues that Judge Leen

14  erred by "applying a novel construction of § 1503 that neither the statute nor any prior judicial

15  decision has fairly noticed to be within its scope." (*Id.* 8:8–10).[2]  Specifically, Defendant

16  disagrees with Judge Leen's reliance on *United States v. Sussman*, 709 F.3d 155 (3d Cir. 2013)

17  and *United States v. Frank*, 354 F.3d 910 (8th Cir. 2004) to support that § 1503 encompasses

18  violations of permanent injunctions. (*Id.* 9:20–11:21).  Defendant then asserts that Judge Leen's

19  "novel construction of § 1503 [to include permanent injunctive orders as pending judicial

20  proceedings] violates ejusdem generis and the rule of lenity." (*Id.* 11:22–12:26).  Lastly,

21  Defendant reasserts his argument from his original Motion to Dismiss that "§ 1503 is

22  [un]constitutionally overbroad." (*Id.* 13:1–14:10).  As such, these objections do not present new

23  ---

[2] Defendant additionally objects that the "permanent injunction in '*Bundy I*' and all orders in '*Bundy II*' go

24  beyond the four corners of the indictment." (Obj. 6:22–8:7).  Defendant cites paragraph 3 of the Superseding
    Indictment for this proposition. (*Id.* 7:6–12).  However, paragraphs 35, 36, and 38 of the Superseding Indictment

25  also address the Court's Orders, including the ones objected to by Defendant.  Thus, Defendant's objection is
    factually incorrect, and Judge Leen properly considered these Orders as pertinent to her analysis.

1    or rebuttal legal arguments, but rather request that this Court reject Judge Leen's

2    determinations.

3          Having reviewed the record in this case *de novo*, the Court agrees with the analysis and

4    findings of Judge Leen in her Report and Recommendation (ECF No. 1231) denying the

5    Motion to Dismiss and incorporates them by reference in this order.

6          As Judge Leen noted, the Ninth Circuit has not addressed a § 1503 prosecution in which

7    a defendant's conduct was alleged to violate a permanent injunction. (*See* R. & R. 9:13–14).

8    Indeed, few courts have considered "when a proceeding ends for purposes of § 1503." *United*

9    *States v. Novak*, 217 F.3d 566, 572 (8th Cir. 2000) (citing *United States v. Fulbright*, 105 F.3d

10   443, 450 (9th Cir. 1997) (noting that only "a few cases address post-trial conduct"), *cert.*

11   *denied*, 520 U.S. 1236 (1997); *United States v. Johnson,* 605 F.2d 729, 730 (4th Cir.

12   1979) ("While many cases have determined when a proceeding begins for purposes of [§ 1503],

13   neither counsel nor research has produced any authority as to when one terminates."), *cert.*

14   *denied*, 444 U.S. 1020 (1980)).  However, the Court agrees with Judge Leen that case law

15   regarding permanent injunctions is instructive.  "[A]n injunction often requires continuing

16   supervision by the issuing court and always a continuing willingness to apply its powers and

17   processes on behalf of the party who obtained that equitable relief." *Sys. Fed'n No. 91, Ry.*

18   *Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 647 (1961).  The court may, in its "sound

19   judicial discretion," modify the terms of an injunction upon a change in legal or factual

20   circumstances. *Id.* at 647.  When a court has issued a permanent injunction, jurisdiction over

21   the injunction is not a question of ancillary jurisdiction, but rather stems from the court's inherit

22   authority to enforce its own orders. *See Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390

23   (9th Cir. 1995) ("District courts do, and must, have the authority to punish contemptuous

24   violations of their orders.").

25

Here, in 2013, the Court granted the Government's Motion to Enforce Injunction related to Cliven Bundy's noncompliance with the prior court-ordered permanent injunction in 1998. (Order, *United States v. Bundy*, Case No. 2:98-cv-00531-LRH-VCF (D. Nev. Oct. 9, 2013), ECF No. 56).  The facts of the confrontation alleged in the Superseding Indictment occurred pursuant to this court-ordered enforcement. (*See* Superseding Indictment).  Accordingly, because the Court retains jurisdiction over permanent injunctions for enforcement, such enforcement is sufficient to support § 1503's requirement for a "pending judicial proceeding."

Judge Leen also found support for this interpretation under two other circuits' cases, *Sussman* and *Frank*.  Defendant insists that *Sussman* and *Frank* were not final orders because time remained to file an appeal or a writ for certiorari. (*See* Obj. 10:18–11:10).  However, these courts' findings of "pending judicial proceeding" did not turn on the fact that the time for appeal had not yet run, but rather that the interference was with the *execution* of a final court order.  First, in *Sussman*, the Third Circuit rejected the defendant's argument that "the processes authorized by law for the collection of a judgment by a winning party are not 'judicial proceedings' within the meaning of the case law under 18 U.S.C. § 1503." 709 F.3d 155, 170 (3d Cir. 2013).  Similarly, in *Frank*, the Eighth Circuit upheld a § 1503 conviction "for moving, concealing, and refusing to advise law enforcement agents of the location of a Chrysler LeBaron, for the purpose of obstructing justice and with the knowledge that *a court order had been issued* to seize the vehicle." 354 F.3d 910, 918 (8th Cir. 2004) (emphasis added).  Both of these cases demonstrate that interference with the execution of the court's order can support a finding of "pending judicial proceeding" under § 1503.

Defendant also argues that § 1503 cannot include court orders regarding injunctions because 18 U.S.C. § 1509 specifically criminalizes the obstruction of court orders.[3]  The Court

---

[3] Section 1509 states: "Whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the United States, shall be fined under this title or

disagrees that § 1509 precludes the use of § 1503 here as a matter of law.  As the Supreme Court has explained: "It is not unusual for a particular act to violate more than one criminal statute, and in such situations the Government may proceed under any statute that applies." *Aguilar*, 515 U.S. at 616 (internal citations omitted).

Finally, the Court agrees with Judge Leen that Defendant's overbreadth argument is foreclosed by *United States v. Thomas*, 612 F.3d 1107, 1129 (9th Cir. 2010).  In *Thomas*, the defendant argued that "the government failed to plead and prove materiality as an element of [§ 1503]." *Id.* at 1128.  The Ninth Circuit held: "Although not expressly included in the text of § 1503, materiality is a requisite element of a conviction under that statute." *Id.* at 1129.  While the court did not discuss pleading further, neither did it reverse or dismiss the count for failure to plead materiality. *Id.* at 1128–29.  Accordingly, the Court finds that these counts need not be dismissed for failure to plead materiality here, even though the Government must prove the materiality of any alleged threatening communications during trial.

Accordingly, Defendant's Objection (ECF No. 1345) is overruled.  The Court accepts and adopts Judge Leen's Report and Recommendation (ECF No. 1231) to the extent that it is not inconsistent with this opinion and denies Defendant's Motion to Dismiss (ECF No. 712).

**IV.**   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 1231) is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 712) is **DENIED**.

---

imprisoned not more than one year, or both.  No injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime." 18 U.S.C. § 1509.

1    **IT IS FURTHER ORDERED** that D. Bundy's Motion for Joinder (ECF No. 1347) is

2  **GRANTED**.

3    **IT IS FURTHER ORDERED** that Lovelien, M. Bundy, and A. Bundy's Motions for

4  Joinder (ECF Nos. 1362, 1411, 1468) are **DENIED**.

5

6    **DATED** this ___7___ day of February, 2017.

7

8    _____
     Gloria M. Navarro, Chief Judge

9    United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25