UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CLIVEN D. BUNDY *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cr-46-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion in Limine (ECF No. 1436) filed by Defendants Steven A. Stewart, Eric J. Parker, and O. Scott Drexler ("Defendants") to exclude all photographs of Defendants prone with weapons. Co-defendant Melvin D. Bundy filed a Motion for Joinder. (ECF No. 1462). The Government timely filed a Response. (ECF No. 1545).

I.  **LEGAL STANDARD**

    A. **Motion in Limine**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."

*Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41 (noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner). To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### B. Applicable Rules of Evidence

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015).

FRE 403 requires the Court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *see* Fed. R. Evid. 403. "[P]rejudice alone is insufficient; *unfair* prejudice is required." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990) (citing *United States v. Bailleaux*, 685 F.2d 1105, 1111 & n. 2 (9th Cir. 1982)). Unfair prejudice "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (internal quotation marks and citation omitted).

## II. DISCUSSION

In this Motion in Limine, Defendants seek to exclude: "any photographs depicting them aiming their rifles at any persons . . . because none of these persons (and consequently, none of

the witnesses) were aware of the defendants doing so." (Mot. in Limine ("MIL") 3:25–27, ECF No. 1436).  Defendants reference assault and appear to be referring to Count Five of the Superseding Indictment, Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), (b) (the only assault charge listed in the Superseding Indictment).[1]  Defendants explain that, as a matter of law, "If one is unaware of being in a position of harm, that person cannot be the victim of assault, threats, obstruction, extortion, impeding or the alleged brandishing of a firearm in furtherance thereof." (*Id.* 3:26–4:3).  "[T]hese photographs are irrelevant," according to Defendants, "because the United States cannot legitimately rely on the photographs to establish assault." (*Id.* 5:25–27).  However, Defendants assert that danger of unfair prejudice is high because the photographs may "provoke the jury into fearing the defendants or . . . impress upon the jury that the defendants are militant and potentially violent persons." (*Id.* 6:1–4).  As such, Defendants argue that the photographs' low probative value is substantially outweighed by the high unfair prejudice, and they should be excluded under FRE 403.

In its Response, the Government asserts that it will provide evidence at trial that "law enforcement officers were aware of gunman on the bridge and that they had a reasonable apprehension of immediate bodily harm." (Gov't Resp. 2:9–11, ECF No. 1545).  Additionally, the Government argues that even if the photographs were not relevant to Count Five, they are relevant to other counts alleged in the Superseding Indictment. (*Id.* 2:12–21).  Lastly, the Government contends that Defendants "can be found guilty of Count Five under an aiding and abetting theory, and is rather obvious that the photographs are relevant to show that Parker acted with the intent to facilitate the crime of assault on a federal officer." (*Id.* 3:1–3).

The Court finds that the photographs are not "clearly inadmissible on all potential grounds." *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846.  Based on the Government's proffer, the

---

[1] The Court additionally believes that Defendants are specifically referring to Count Five because of their legal cite to *United States v. Acosta-Sierra*, 690 F.3d 1111 (9th Cir. 2012), in which the defendant was also charged under 18 U.S.C. § 111.

photographs are likely relevant, as they have a tendency to make a fact of consequence more or less likely. *See* Fed. R. Evid. 401.  Defendants are correct that criminal assault based on causing the apprehension of imminent bodily injury requires that the victim is aware of the threat. *United States v. Acosta-Sierra*, 690 F.3d 1111, 1121 (9th Cir. 2012).  However, here, it is not clear that the photographs are determinative that the alleged victim officers were not aware of Defendants' positions prone with weapons on the bridge.  Additionally, the Court agrees that the photographs may be relevant to other charges, although the burden remains on the Government to establish relevancy.  Because of the potentially high probative value, the Court is not persuaded that the photographs should be excluded under FRE 403.  Accordingly, the Court denies Defendant's Motion in Limine, and the photographs of Defendants prone with weapons will not be excluded at this time.

### III.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine (ECF No. 1436) is **DENIED**.

 **IT IS FURTHER ORDERED** that Melvin D. Bundy's Motion for Joinder (ECF No. 1462) is **GRANTED**.

**DATED** this \_\_8\_\_ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court