# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-00046-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| CLIVEN D. BUNDY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion in Limine ("MIL"), (ECF No. 1306), filed by Defendant Eric J. Parker ("Parker"). Motions for Joinder were filed by Defendants Steven Stewart, Ricky Lovelien, and Mel Bundy (collectively "Defendants"). (ECF Nos. 1311, 1339, 1409). The Government filed a Response, (ECF No. 1455). For the reasons discussed below, the Court GRANTS in part and DENIES in part Parker's Motion.

## I. BACKGROUND

On January 6, 2017, the Government filed Notice and Disclosures pursuant to Federal Rule of Criminal Procedure 12(a)(1)(G). (Notice and Disclosures, ECF No. 1250). As part of these disclosures, the Government stated its intent to call Federal Bureau of Investigation Special Agent Chad Simkins ("Agent Simkins") to testify at trial. (*Id.* 2:7). According to the Government, Agent Simkins' testimony likely will include "identifying persons bearing firearms during the assault, the type of firearm, the posture of the holder, and their relative position during the important events of the assault." (Gov.'s Resp. 2:17–20, ECF No. 1455). Additionally, the Government stated its intent to introduce a number of summary exhibits prepared by Agent Simkins. (Notice and Disclosures 3:13–4:7). These summaries are based on the underlying media evidence, such as videos and photos. (*See Id.*). In the instant motion,

Parker argues that the Court should disallow both Agent Simkins' testimony and summary exhibits. (MIL, ECF No. 1306).

## II.  **LEGAL STANDARD**

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary 1109 (9th ed. 2009).  Typically, "a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Id*.  Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional and "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F.

Supp. 2d at 846. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

### III. DISCUSSION

#### 1. Summary Exhibits as Evidence

Parker argues that the Government should not be permitted to admit or use the summary charts prepared by Agent Simkins. (MIL 3:22–23). According to Parker, "the Ninth Circuit has made clear that charts summarizing admitted testimony cannot be admitted into evidence and provided to the jury, particularly when the material has already been admitted into evidence." (*Id.* 3:25–27). In response, the Government argues that summary exhibits can be admitted into evidence in one of two ways: (1) in lieu of the underlying records pursuant to Federal Rule of Evidence ("FRE") 1006; and (2) as "secondary evidence" pursuant to Rule 611(a). (Gov.'s Resp. 4:9–15).

The admission of summary evidence is within the discretion of the district court and is upheld absent an abuse of discretion. *See United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012); *see also United States v. Marchini*, 797 F.2d 759, 766 (9th Cir. 1986). While charts and summaries may be admitted as evidence under FRE 1006 in lieu of the underlying records, "charts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991).

In certain instances, the Ninth Circuit has recognized a district court's discretion under FRE 611(a) to admit both summary exhibits and the underlying evidence. *See United States v. Poschwatta*, 829 F.2d 1477, 1481 (9th Cir. 1987). However, the "better practice" is for the court to allow charts as testimonial aids only. *Id*; *see also United States v. Boulware*, 470 F.3d 931, 936 (9th Cir. 2006) (noting that the Ninth Circuit does not approve of receiving summary exhibits of material already in evidence but has not found it to be reversible error). Based on the record and prevailing precedent, the Court rejects the Government's argument for admission of the summary exhibits as secondary evidence to the underlying record and grants Parker's Motion on this issue.

### 2. Charts as Testimonial Aid

Parker argues that the Government should not be permitted to use the charts even as testimonial aids. (MIL 4:6–7). Relying on the ruling in *Abbas*, Parker claims that the charts constitute "improper bolstering of a witness' disputed testimony" because the charts "first make the credibility determination . . . that the government's disputed assertions about the information regarding the firearms is true." (*Id.* 3:12–16); *see also United States v. Abbas*, 504 F.2d 123, 125 (9th Cir. 1974).

The Court finds no basis for Parker's argument. Testimonial aids are not evidence and are not used by the jury during deliberations. *See Wood*, 943 F.2d at 1053. The issue in *Abbas* concerned admitting summary charts as *evidence* and is therefore not applicable here. Parker provides no additional authority to support the claim that the Government's testimonial aids somehow make a credibility determination. Accordingly, the Court denies Parker's Motion on this issue.

### 3. Invading the Province of the Jury

Parker argues that Agent Simkins' expert testimony should be limited in scope because "[p]ermitting Mr. Simkins to testify about his opinion as to whether the defendants actually had

firearms, brandished firearms, carried firearms, or used firearms would invade the province of the jury." (MIL 6:20–26).  Parker raises this argument in the context of 18 U.S.C. § 924(c), which concerns the use and carry of a firearm in a crime of violence. (*Id.* 6:10–18).

In response, the Government asserts that "[Agent Simkins] is merely going to point out the individuals who had a gun in their hands or at the ready during the assault, discussing the posture of the individual and type of firearm." (Gov.'s Resp. 7:17–20).  "He is not going to testify about the legal definition of brandishing or carrying and whether the defendants' actions meet that definition." (*Id.*).  According to the Government, the jury will be free to review the evidence and determine "whether an individual is carrying a firearm and whether [it] was used, carried, or brandished within the meaning of the law. . ." (*Id.*).

The Court agrees with the Government to the extent Agent Simkins' testimony is consistent with the scope outlined in the Government's Response.  It is well-established that "expert testimony concerning an ultimate issue is not per se improper." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).  Although "[a] witness is not permitted to give a direct opinion about the defendant's guilt or innocence . . . an expert may otherwise testify regarding even an ultimate issue to be resolved by the trier of fact." *Moses v. Payne*, 543 F.3d 1090, 1105 (9th Cir. 2008) (quoting *United States v. Lockett*, 919 F.2d 585, 590 (9th Cir. 1990)).

Here, it does not appear that Agent Simkins intends to offer any opinion about the defendants' guilt or innocence.  While an expert witness "cannot give an opinion as to [his] *legal conclusion*, i.e., an opinion on an ultimate issue of law," the Court finds that merely speaking to matters like the presence of a firearm and its relative positioning do not equate to offering a legal conclusion. *See Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002).  Accordingly, the Court denies Parker's Motion on this issue.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Parker's MIL, (ECF No. 1306), is **GRANTED in part** and **DENIED in part** in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendants Steven Stewart, Ricky Lovelien, and Mel Bundy's Motions for Joinder, (ECF Nos. 1311, 1339, 1409), are **GRANTED**.

**DATED** this __8__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge